Original Process is **GRANTED.** The Petition for Writ of Habeas Corpus is **DENIED.**

**John J. LYNCH, Petitioner**

v.

**The CITY OF PHILADELPHIA, The Philadelphia Prison System, Warden Blackmon, Respondents.**

**No. 104 EM 2008.**

Supreme Court of Pennsylvania.

Sept. 30, 2008.

### *ORDER*

PER CURIAM.

**AND NOW,** this 30th day of September, 2008, the Application for Leave to File Original Process is **GRANTED** and the Petition for Writ of Habeas Corpus and Request for Immediate Hearing are **DENIED.**

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Cyprian DIAZ, Petitioner.**

**No. 81 EM 2008.**

Supreme Court of Pennsylvania.

Oct. 1, 2008.

### *ORDER*

PER CURIAM.

**AND NOW,** this 1st day of October, 2008, the Petition for Extension of Time to File Petition for Allowance of Appeal *Nunc Pro Tunc* is **GRANTED.** Petitioner is directed to file his Petition for Allowance of Appeal within 15 days of the entry of this order.

**ACE AMERICAN INSURANCE COMPANY, Petitioner**

v.

**UNDERWRITERS AT LLOYDS AND COMPANIES,** Columbia Casualty Company and Gulf Underwriters Insurance Company, Respondents.

Supreme Court of Pennsylvania.

Oct. 1, 2008.

### *ORDER*

PER CURIAM.

**AND NOW,** this 1ST day of October, 2008, the Petition for Allowance of Appeal is **GRANTED.** The issues, which have been rephrased for clarity, are:

Did the Superior Court err in holding that the notice provision in a claims made policy constitutes a condition precedent to coverage, rather than a limitation, thereby placing the burden on the insured to show compliance with the condition, rather than on the insurer to show breach?

Did the Superior Court err in declining to extend this Court's holding in *Brakeman v. Potomac Insurance Co.,* 472 Pa. 66, 371 A.2d 193 (1977), that in the context of a liability policy, the insurance company will be required to prove that the notice provision was breached and that the breach resulted in prejudice to its position, to the claims-made policy at issue in this case?